## DAVIS v. GAMBERT.

1. **Replevin**: INTERVENTION: CROSS-REPLEVIN. The owner of personal property, held by an officer under a writ of replevin in another case, to which such owner was not a party, may maintain cross-replevin against the officer for its possession. The remedy by intervention in the first suit is not exclusive.

### *Appeal from Linn Circuit Court.*

### THURSDAY, DECEMBER 8.

ACTION in replevin. A demurrer to the petition was sustained and judgment was rendered for defendant. Plaintiff appeals.

*George W. Wilson*, for appellant.

*James D. Giffin*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the absolute owner of certain personal property which is wrongfully detained by defendant, who being a sheriff, seized and holds it upon a writ of replevin, issued in an action brought by one Daniels against Wilson; that when seized by defendant the property was in the possession of plaintiff, who before had acquired the title thereto, and the possession was neither directly nor indirectly derived from Wilson. It is alleged that the property was not taken by defendant on the order or judgment of a court against the plaintiff nor under an attachment or execution against her or against the property.

The defendant demurred to the petition on the ground that it shows the property was held by defendant upon a writ of replevin, and was therefore in the custody of the law. The demurrer was sustained. This ruling presents the only question in the case.

II. The action which is denominated by the profession re-

plevin, is, in this State, wholly provided for by statute, which prescribes in what cases it shall be prosecuted and the proceedings therein. We can gain no aid in the solution of the question before us by the application of the rules pertaining to the action at common law.

**1. REPLEVIN: intervention: cross-replevin.**

We will proceed to consider the statute relating to the action and inquire whether the remedy is denied to the owner of personal property, when it is held by an officer upon a writ of replevin issued in a case wherein the plaintiff is not a party.

Under our statue the action is provided to recover specific personal property, and damages for its detention. The petition must show that the property "was neither taken on the order or judgment of a court against" the plaintiff, "nor under an execution or judgment against him or against the property." But if it was taken by either of these modes, then it must state the facts constituting an exemption from seizure by such process." Code, § 3225, par. 4. An officer seizing property on execution is protected from an action to recover the same unless written notice of the ownership be served upon him. Code, § 3055. The statute imposes no other restrictions upon the remedy by replevin. Personal property held upon execution or attachment, if these provisions be complied with, may be recovered in an action of replevin. We need not cite the numerous cases supporting this position. The action, we think, may be maintained when the personal chattels are held upon a writ of replevin in a case to which the plaintiff is not a party. An officer with a writ of replevin issued against A for property owned by and in the possession of B, who is not a party to the suit, has no authority to deprive B, the owner, of the property. Neither B nor the property is brought within the jurisdiction of the court, for the reason that B is not made a party to the suit. Were the law otherwise the owner would be deprived of his property by an action to which he was not a party, a thing that the law will not permit. It follows that the writ of replevin in the hands of the officer does not protect

Davis v. Gambert.

him in the possession of the property. As it was taken and is retained without authority of law, it cannot be regarded as in the custody of the law.

Of course these remarks are not applicable to the case wherein the party pursuing the remedy was a party to the prior action. In such a case there could not be a second writ, or a cross-replevin issued, under which the defendant could recover the possession of the property, the issues and parties in the last case being the same as in the first. The defendant in such an action is protected by the bond required to be filed in the case. But this bond is no protection to a stranger, and is therefore no ground for holding that property of one not a party to the suit may be lawfully taken upon a writ of re-plevin.

III. Under Code, section 3228, the plaintiff in this case could have intervened in the first action and set up his title to the property. But this is not an exclusive remedy, as plainly appears both from the language and spirit of the provision.

IV. The earliest statutes of the State provided that "no cross-replevin for property in the possession of an officer by virtue of any writ of replevin shall be brought." Revised Statutes 1843 (Blue Book), p. 337, § 2. This provision was not continued in the Code of 1851 and subsequent revisions.

We reach the conclusion that the Circuit Court erred in sustaining the demurrer to plaintiff's petition.

REVERSED.