## THE PHENIX INSURANCE COMPANY
### *v.*
### F. H. CALDWELL.

*Opinion filed October 19, 1900.*

| 187 | 73 |
| 96a | ²529 |
| 187 | 73 |
| 197 | ²192 |
| 187 | 73 |
| 215 | ²302 |

1. INSURANCE—*bond for deed is not a "sale."*  The execution and delivery of a bond for deed, even though accompanied by part payment of the purchase money, is not a sale, within the meaning of an insurance policy requiring the consent of the company to any sale of the property, since the maker of the bond for deed retains both the legal and equitable title until the obligee has performed the conditions which entitle him to demand a conveyance.

2. SAME—*a provision restricting right of waiver may itself be waived.* A provision of an insurance policy that no agent of the company except its principal officers or general agent shall have power to waive or modify the conditions of the policy, may itself be waived by the language and conduct of agents having apparent power to bind the company.

3. SAME—*defense of change of possession must be specially pleaded.* An insurance company cannot avail of the defense of change of possession, in violation of the conditions of the policy, without specially pleading such defense and giving the plaintiff an opportunity to reply.

4. SAME—*effect of proof of change of possession not pleaded.*  In an action on an insurance policy, if the defense of change of possession is not specially pleaded, the fact that proof of such change incidentally creeps in does not require the plaintiff to rebut it, nor entitle the defendant to claim the benefit and have the jury instructed as to the effect of a change of possession under the terms of the policy.

5. TRIAL—*when court is not bound to permit amendment.*  The court is not bound, on the third day of the trial, to allow the defendant to amend its amended plea so as to charge a change of possession in violation of the terms of the insurance policy in suit, where no showing is made in support of the motion nor any excuse made for the delay in presenting the defense.

*Phenix Ins. Co.* v. *Caldwell*, 85 Ill. App. 104, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. W. H. GEST, Judge, presiding.

A. E. DeMange, for appellant:

Not to allow a formal amendment to enable defendant to present his defense is abuse of discretion. *Shufeldt* v. *Bank*, 93 Ill. 597; *Drake* v. *Drake*, 83 id. 526; *Kirkpatrick* v. *Cooper*, 77 id. 565; *Insurance Co*, v. *Real Estate Trust Co.* 1 Ill. App. 391.

It was error to exclude appellant's offered proof of change of possession or occupancy. It was admissible under the general issue. In assumpsit, breaches of conditions in the policy itself, as, that the insured was the owner or in possession of the property or that it was unoccupied, may be shown under the general issue. *Insurance Co.* v. *Field*, 42 Ill. App. 392; *Insurance Co.* v. *Baker*, 49 id. 92; 153 Ill. 240; 11 Ency. of Pl. & Pr. p. 421, par. 2; 1 Shinn's Pl. & Pr. sec. 692; *Wann* v. *McNulty*, 2 Gilm. 360.

Under non-assumpsit, anything may be proved which shows plaintiff, when he commenced suit, had no cause of action. 1 Chitty's Pl. (13th Am. ed.) p. 478, note 2.

Any change in or transfer of the interest of the assured calculated to make him less watchful in guarding it from fire or have an influence in tempting him to burn the property is a sale, in violation of the terms of the policy. May on Insurance, sec. 273.

A recorded bond for a deed notifies third parties that the property has been sold. *Snapp* v. *Peirce*, 24 Ill. 157.

A sale is the transfer of a right from one to another, for a consideration. Rapalje's Law Dic. 1144; Tomlin's Law Dic. 415.

Where an insurance policy contains a clause that in case of a change of title without the consent of the insurer endorsed on the policy the insurance shall terminate, the death of the insured effects such change of title as terminates the insurance. *Miller* v. *Insurance Co.* 54 Ill. App. 53; *Dick* v. *Insurance Co.* 22 Ill. 272.

Where an owner of insured property executes a written instrument reciting that he has sold the property to the vendee therein named and binds himself to convey

it upon payment being made, and the vendee takes possession under the contract and pays part of the purchase money, such transaction constitutes a sale of the property, within the meaning of an insurance policy which provides that if the property be sold or a change takes place in the title or possession the insurance shall terminate; and this is true even though the contract is abandoned by the parties before consummation by execution of a deed. *Davidson* v. *Insurance Co.* 71 Iowa, 532; *Insurance Co.* v. *Flurnoi*, 19 S. W. Rep. 793; *Cottingham* v. *Insurance Co.* 14 id. 417; *Smith* v. *Insurance Co.* 23 Pac. Rep. 384.

The vendor in a land sale contract, under which the vendee has taken possession, is not such an owner as will support a policy insuring his dwelling on the land, and conditioned to be void if he is not the sole and absolute owner. *Hamilton* v. *Insurance Co.* 98 Mich. 535; 13 Am. & Eng. Ency. of Law, (2d ed.) 235.

A purchaser of real estate who has paid part of the purchase money and taken possession under a sale contract is the sole and unconditional owner of the property, within the meaning of an insurance policy stipulating that he is such. *Johannes* v. *Standard Fire Office*, 70 Wis. 196; *Dupreau* v. *Insurance Co.* 76 Mich. 615; *Pelton* v. *Insurance Co.* 77 N. Y. 605; 13 Hun, 23; *Siter's Appeal*, 26 Pa. St. 180; *Elliott* v. *Insurance Co.* 12 Atl. Rep. 676; *Insurance Co.* v. *Dunham*, id. 668; *Lewis* v. *Insurance Co.* 29 Fed. Rep. 496; *Martin* v. *Insurance Co.* 44 N. J. L. 485; *Insurance Co.* v. *Erb*, 112 Pa. St. 149; *Weiner* v. *Insurance Co.* 153 Mass. 335; *Insurance Co.* v. *Dyches*, 56 Texas, 565; *Railway Co.* v. *Spencer*, 27 Atl. Rep. 113; *Insurance Co.* v. *Crockett*, 7 Tenn. 725.

When a policy permits a local agent to exercise a specific authority, but restricts the exercise of such authority by written endorsement on the policy, the restriction is of the essence of the authority, and the consent or waiver by the local agent not so endorsed upon the policy is void. *Insurance Co.* v. *Mette*, 27 Ill. App. 325; *Quinnland* v. *Insurance Co.* 133 N. Y. 356; *Baumgartel* v. *Insurance Co.*

136 id. 547; *Knudson* v. *Insurance Co.* 75 Wis. 198; *Smith* v. *Insurance Co.* 60 Vt. 682; *Kyte* v. *C. U. A. Co.* 144 Mass. 43; *Cleaver* v. *Insurance Co.* 65 Mich. 527; *Henkins* v. *Insurance Co.* 70 Wis. 1; *Barre* v. *Insurance Co.* 76 Iowa, 609; *Insurance Co.* v. *Holzgrafe,* 53 Ill. 516.

HAROLD A. WELD, for appellee:

The contract of sale was properly excluded under the issues.    There was no alienation.    *Insurance Co.* v. *Kelly,* 32 Md. 421; *Insurance Co.* v. *Stewart,* 19 Pa. St. 45; *Insurance Co.* v. *Bethel,* 142 Ill. 537; 42 Ill. App. 475; *Trumbull* v. *Insurance Co.* 12 Ohio, 305; *Hill* v. *Cumberland Valley M. P. Co.* 59 Pa. St. 474; *Chappell* v. *McKnight,* 108 Ill. 570; *Insurance Co.* v. *Updegraff,* 21 Pa. St. 513; *Walters* v. *Walters,* 132 Ill. 467; 1 May on Insurance, (3d ed.) par. 267; 3 Joyce on Insurance, par. 2284; 1 Wood on Insurance, par. 351; *Phillips* v. *Insurance Co.* 10 Cush. 352; *Shotwell* v. *Insurance Co.* 5 Bos. 247; Ostrander on Insurance, par. 65; *Insurance Co.* v. *Jackson,* 16 B. Mon. 253; *Clinton* v. *Insurance Co.* 45 N.Y. 454; *Masters* v. *Insurance Co.* 11 Barb. 624; *Gates* v. *Smith,* 4 Edw. Ch. 702.

The breach of conditions subsequent, if relied on to avoid the policy, should be specially pleaded, and as to them the burden of proof is on the defendant.    They are not admissible under the general issue.    2 May on Insurance, par. 591; 4 Joyce on Insurance, par. 3691; *Benjamin* v. *Indemnity Ass.* 44 La. Ann. 1017; *Insurance Co.* v. *Hamill,* 6 Gill, 87; *Fogg* v. *Griffen,* 2 Allen, 1; *Dyer* v. *Insurance Co.* 53 Me. 118; *Castor* v. *Insurance Co.* 54 id. 170; *Insurance Co.* v. *Rogers,* 119 Ill. 481.

It was not contended in the courts below that evidence tending to prove a sale or change of possession of the property was admissible under the general issue. That point cannot be made for the first time in this court. *Case* v. *Phillips,* 55 N. E. Rep. 66; *Railway Co.* v. *McDougall,* 113 Ill. 603; *Casualty Co.* v. *Waterman,* 161 id. 632; *Coal Co.* v. *Kelly,* 156 id. 9.

Per CURIAM: The Appellate Court in deciding this case rendered the following opinion:

"Appellant, on January 3, 1894, issued a policy to appellee insuring his barn on his farm in the sum of $2500 against loss by fire for five years, and also insuring certain personal property. The barn was destroyed by fire on September 28, 1897. Appellee brought this suit on the policy to recover for said loss.

"The policy contained the following conditions: 'If the property be sold or transferred (in whole or in part) * * * or any change takes place in title or possession, * * * whether by * * * voluntary transfer, assignment or conveyance, or if the title or possession be changed from any cause whatsoever, or if this policy shall be assigned before a loss without written notice to and the consent of the company endorsed hereon, this policy shall in each and every instance be void. * * * If the interest of the assured in the property be other than an unconditional, exclusive ownership, and, if it be real property, if it be other than an absolute fee simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property, * * * or if there be a mortgage or other encumbrance thereon, * * * whether inquired about or not, it must be so notified to the company and be so expressed in the written part of this policy, otherwise the policy shall be void. When the property insured (or if it be a building or machinery therein, the land upon which it stands,) shall be sold or encumbered or otherwise disposed of, written notice shall be given to the company of such sale or encumbrance or disposal, and its assent thereto endorsed thereon, otherwise this insurance on said property shall immediately terminate. * * * Persons sustaining loss or damage by fire shall within six days give notice in writing of said loss to the company, and within thirty days from the date of the fire shall render a particular and specific

account of such loss; failing so to do within said thirty days this policy shall become and be null and void.'

"At the trial the destruction of the barn by fire was proved, and it was stipulated that the value of the barn at the time it was burned was the amount remaining unpaid on the policy. Appellee recovered judgment, and this is an appeal therefrom.

"Appellant, by many pleas filed, sought to interpose three defenses: First, failure to present proofs of loss within thirty days, as required by the policy; second, failure to notify appellant of a mortgage resting upon the real estate when the insurance was written; and third, that appellee, after the policy was issued and before the fire, sold the premises and did not give written notice of the sale to appellant nor procure its assent thereto to be endorsed upon the policy.

"Appellee undertook to avoid the first of said defenses by showing oral notice by him to an agent of appellant within six days after the loss, and written notice by said agent to the officers of appellant, followed by language and acts of agents of appellant constituting a waiver of proofs of loss within thirty days. Appellee sought to avoid the defense as to the mortgage by showing that before the policy was issued he notified appellant's agent of said mortgage, and was informed by the agent that it need not be referred to in the policy. The evidence on these two subjects was conflicting. If the jury believed the evidence offered by appellee these defenses were overcome by him. We are unable to say that the jury erred in their decision of these questions of fact, or that another jury upon the same evidence would reach a different conclusion.

"The difficulty in the case arises under the defense thirdly above stated. By its second amended plea appellant set up that appellee and his wife, on February 6, 1896, by an instrument in writing under their hands and seals sold the insured property, and the land on which it

stood, to Peter Thuren, his heirs and assigns, for $13,500, without written notice to appellant and its assent thereto endorsed on said policy, whereby said insurance immediately thereafter terminated. The third amended plea set up the same facts, and further, that on February 28, 1898, (which was after the fire,) pursuant to said sale, appellee and his wife executed and delivered to Thuren a deed of said premises in fee simple, whereby the said policy immediately terminated. The first replication to said pleas was that the property was not sold before said loss, as charged. Upon this, issue was joined. The second replication thereto set up that said instrument mentioned in said pleas was a bond for a deed; that after its execution appellee notified an agent of appellant thereof; and set up language of said agent relied upon as a waiver of further notice and of an endorsement on the policy, and that in reliance thereon he had paid Thuren the amount of the loss. The third replication to said pleas set up notice to said agent of the bond for a deed, and language of said agent relied upon as a waiver. The rejoinders to said second and third replications were to the effect that appellant did not waive the conditions of the policy relative to a sale of the property and is not estopped as charged.

"In this state of the pleadings upon the subject of a sale of said premises, appellant offered in evidence at the trial a bond for a deed executed February 26, 1896, by appellee and his wife, which recited that they had this day sold to Peter Thuren, his heirs and assigns, for $13,500, certain land described (being that on which the barn stood); that $1200 was to be paid at the ensealing and delivery of that instrument and a note given for $3300, due March 1, 1904, with interest at six per cent per annum, and a note for $9000, due March 1, 1911, with like interest, and that upon payment of the first note deed was to be given and mortgage made to secure the $9000 note. By said bond appellee and his wife bound

themselves, under a penalty of $10,000, upon said payments being made, to convey the premises to Thuren in fee simple by warranty deed. Time was made of the essence of the contract. Appellee objected to the introduction of the bond in evidence. That objection was sustained and appellant excepted. The question then is, whether the giving of such a bond or contract, coupled with payment of part of the purchase money, was a sale of the premises, within the meaning of this policy.

"The authorities upon this subject are conflicting. Such a contract is held not to be a sale within the meaning of such a provision in a policy of insurance, and the vendor is held to be still the owner, in *Washington Fire Ins. Co.* v *Kelly*, 32 Md. 421, *Perry County Ins. Co.* v. *Stewart*, 19 Pa. St. 45, *Insurance Co.* v. *Updegraff*, 21 id. 513, *Hill* v. *Cumberland Valley Mutual Protection Co.* 59 id. 474, *Trumbull* v. *Portage County Mutual Ins. Co.* 12 Ohio, 305, *Browning* v. *Home Ins. Co.* 71 N. Y. 508, May on Insurance, sec. 267, 1 Wood on Insurance, sec. 331, and in other cases cited in said authorities. The contrary is held in the opinion of the majority of the court in *Davidson.* v. *Hawkeye Ins. Co.* 71 Iowa, 532, and in *Johannes* v. *Standard Fire Office*, 70 Wis. 196, *Dupreau* v. *Hibernia Ins. Co.* 76 Mich. 615, and *Hamilton* v. *Dwelling House Ins. Co.* 98 id. 535. The question seems not to have been directly determined in this State. In this conflict of authority we conclude that the determination of the trial court that the execution and delivery of the bond did not constitute a sale within the meaning of the policy is most in harmony with analogous principles settled in this State. That the vendor retained the legal title is unquestioned. (*Langlois* v. *Stewart*, 156 Ill. 609.) But the vendee did not have even the equitable title. 'A mere contract or covenant to convey at a future time, on the purchaser performing certain acts, does not create an equitable title. When the purchaser performs all acts necessary to entitle him to a deed, then, and not till then, he has an equitable title and may compel a conveyance.

When the purchaser is in a position to compel a convey-
ance by a bill in chancery he then holds the equitable
title. Before that he only has a contract for a title when
he performs his part of the agreement.' (*Chappell* v. *Mc-
Knight*, 108 Ill. 570; *Walters* v. *Walters*, 132 id. 467.) The
Michigan cases cited *supra* rest upon the contrary prin-
ciple that a vendee who has paid part of the purchase
money is the equitable owner in fee. As in this State
such a vendee has neither legal nor equitable title, the
provisions of the policy in suit relative to a change of
title were not violated by entering into the bond for a
deed. Under the doctrine stated in *Hill* v. *Cumberland
Valley Mutual Protection Co. supra,* appellee will not there-
by acquire and keep for his own use both the purchase
money and the insurance money, but upon the receipt of
the insurance money he will hold it for the benefit of the
vendee, who will be entitled to credit therefor upon his
contract. This accords with the rule in this State that
the, vendor is trustee of the title for the benefit of the
vendee. (*Sutherland* v. *Goodnow*, 108 Ill. 528; *Fuller* v.
*Bradley*, 160 id. 51.) In *Stevenson* v. *Loehr*, 57 Ill. 509, after
such a contract had been made, part of the land was con-
demned by a railway company. It was held that if the
vendor received the damages he must hold them as trus-
tee for the purchaser, to be accounted for when the pur-
chase money is paid. This principle obviates the main
objection upon which the case above cited from 71 Iowa
is based. Appellee pleaded and offered to prove in rebut-
tal that he had paid Thuren the full amount of insurance
on the barn. To this the court sustained an objection,
and properly, as the bond to Thuren had not been ad-
mitted in evidence.

"Appellee paid appellant the required premium for
this insurance. There is no claim that appellant was
in any way injured by the giving of the bond for a deed.
It is not claimed that any fraud was practiced upon ap-
pellant or that the loss was any other than an honest one.

The defense is purely technical. We conclude that under the rules prevailing in this State, appellee, after he gave the bond for a deed, still held the legal and equitable title, and is entitled to recover.

"Although the trial court sustained objections to all direct evidence that Thuren took possession before the fire, that fact was indirectly proven. That proof, however, does not in this case entitle appellant to avoid the policy under the clause thereof relating to a change of possession, because appellant saw fit not to allege and plead such change of possession as a defense. Clearly, it could not avail of such change of possession as a defense without specially pleading it and giving appellee an opportunity to set up by replication any matter of waiver or otherwise which he might be able to present. The record of the proceedings kept by the clerk shows that on the third day of the trial (and apparently at or about the close of the testimony) appellant asked leave to file an amendment to its second amended additional plea, so as to charge that appellee delivered possession of the premises to Thuren, and the latter thereafter remained in possession, and that the court refused such leave and appellant excepted. The abstract does not show, nor can we find in the record, that this action and exception are preserved in the bill of exceptions. Further, it does not appear that any showing was made in support of the motion. The correctness of the ruling is therefore not presented for decision. Moreover, the evidence (including a letter from appellant's general adjuster) places it beyond dispute that this change of possession was known to the officers of appellant soon after the fire, and there is evidence tending to show its agents knew it before the fire. No reason appears why appellant could not have set up this defense long before. The pleadings were voluminous and had already been extensively amended by appellant. We are unable to say the court was guilty of an abuse of discretion in refusing the

leave at that late stage of the trial, when no showing was made to support it, nor any excuse for not having presented the defense before the trial. (*Phenix Ins. Co.* v. *Stocks*, 149 Ill. 319.) It might well be that appellee would have needed to prepare a special replication to such amendment by way of confession and avoidance, requiring care and time to properly present his answer thereto. The court was not bound to permit that which might result in such delay.

"As change of possession was not pleaded as a defense, the fact that proof thereof incidentally crept in did not call upon appellee to rebut that defense by proof of any kind, nor entitle appellant to the benefit of that proof as a defense, nor to have the jury instructed upon the effect of a change of possession under the provisions of the policy in suit. The instructions appellant offered on that subject were therefore properly refused. If the court ruled correctly in holding that the contract was not a sale, and in refusing to admit it in evidence, then there was no evidence before the jury of a sale of the premises in violation of the terms of the policy, and the court properly refused appellant's instructions upon that subject. The only defenses duly pleaded which there was proof tending to establish were failure to present proofs of loss within thirty days and failure to give notice of a mortgage resting upon the premises when the insurance was written. Upon these subjects the jury were correctly and fully instructed.

"We find no substantial error in the record.

"We have not set out or discussed the provision of the policy that no agent of the company except its principal officers in New York and its general agent at Chicago should have power to waive or modify any condition of the policy, etc., for the reason that such provision may itself be waived by the insurer and by the language and conduct of its agents having apparent power to bind it, (*Phenix Ins. Co.* v. *Hart*, 149 Ill. 513, *Dwelling House Ins. Co.*

v. *Dowdall,* 159 id. 179,) and we are of opinion it was waived in this case. The judgment is therefore affirmed."

After a careful consideration of this case we have arrived at the same conclusion as that reached by the Appellate Court, and find that the reasons for such conclusion are sufficiently set forth in the opinion of that court, rendered by Mr. Justice DIBELL. That opinion is accordingly adopted as the opinion of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*