## BOWDLE *et al.* v. JENCKS *et al.*

1. On an issue whether title to property had passed under a contract of sale made in Iowa, an objection to the introduction in evidence of laws and decisions of Iowa that the evidence was "incompetent and immaterial" was sufficient to present the question for review on appeal, since the objection went to the merits, and not to a formal defect, which might have been obviated, had the objection been specifically pointed out.

2. The law of the state in which real estate is situated governs as to transfers of such property, whether conveyed absolutely or by way of mortgage.

3. Where, in a suit to cancel a deed conveying property from plaintiffs to defendants, plaintiffs' claim was that title had not passed, but that defendants had wrongfully obtained the deed from the bank with which plaintiffs had deposited it, to be delivered to defendants on performance by them, it was error to admit the judgment rolls in an action of replevin brought by defendants against the bank to recover possession of the deed; plaintiffs not having been parties to that action, and replevin not having been the proper form of action to try the question of title.

4. In a cause tried to the court without a jury, the admission of incompetent evidence, though erroneous, is not prejudicial, unless the evidence in question is conclusive of the issue, since it will be presumed that the court disregarded it.

5. Under the Code provision requiring a specification of the "particulars in which evidence is alleged to be insufficient," a specification that the evidence is insufficient to support the findings of the court is sufficient; the reasons why the evidence is insufficient being a matter of argument.

6. A contract called for the conveyance of certain lands by plaintiff to de-

fendant in exchange for a hotel property and the personalty therein, the sale to be consummated by the deposit of all papers by both parties with a specified bank; and it was required that the hotel property should be free from incumbrance, and that an abstract of title should be furnished, Plaintiff deposited his deed with the bank, and subsequently the hotel was destroyed by fire. At the time of the fire, defendant had not deposited any bill of sale of the personalty, nor completed his abstract, nor paid the taxes, and he was still in possession of the hotel. Held, that the hotel at the time of the fire was the property of the defendant, and the loss was his.

7. A contention that defendant's possession of the hotel was by permission of plaintiff was untenable, as plaintiff was not bound to take possession until the abstract had been completed and all the liens satisfied.

(Opinion filed April 5, 1904.)

Appeal from the circuit court, Charles Mix county; Hon. E. G. SMITH, Judge.

Action by Ralph R. Bowdle and others against Frank S. Jencks and another. From a judgment in favor of defendants, plaintiffs appeal. Reversed.

*A. E. Hitchcock* and *Horner & Stewart*, for appellants.

That the law of sovereignty in which real property is situated governs, as to transfer of such property, whether conveyed absolutely, or by way of mortgage. Continental Bank v. Jackson et al., 7 S. D. 140.

Strangers who claim ownership to property involved in title deeds which are the subject of replevin action are not bound to interfere, but may determine their rights to the property in separate action. Cobby on Replevin, Sec. 1233.

A mere contract or covenant to convey at a future time on the purchaser performing certain acts does not create an equitable title. Phœnix Insurance Co. v. Caldwell, 58 N. E. 315; Smith v. Phœnix Ins. Co., 27 Pac. 736; Richter v. Selin, 8

18 S. D.—6

Serg. & R. 439; Wells v. Caiman, 107 Mass. 514; Davidson v. Ins. Co., 71 Ia. 532; Thompson v. Gould, 20 Pick. 134; Dexter v. Norton, 47 N. Y. 62; Powell v. Dayton, 8 Pac. 544; Gould v. Murch, 35 Am. R. 325; Kinney v. Hickox, 38 N. W. 816.

If loss or depreciation in value occurs during a delay in carrying the contract into effect, which is caused by the vendor's own laches, default, inability to make title and the like, then the purchaser does not bear such loss or depreciation, but is excused from performance. Also 22 Eny. Law 1048, Sub-Div. IX; Kinney v. Hickox, 24 Neb. 167, 38 N. W. 816; Civil Code, Sec. 2345, 2346. Pomeroy on Contracts, Sec. 322.

*Clark & Cohenour* and *R. B. Tripp,* for respondents.

The general objection that the evidence is incompetent and immaterial does not sufficiently present a question for review. Olson v. Burlington C. R. & N. R. R Co., 12 S. D. 326, 81 N. W. 326.

The law of the state where the land is situated governs as to the character of the title actually given is one of general application, and applies to agreements to convey. See Holcom v. Wright, 5 App. D. C. 76; Garder C. S. Co. v. Miller, 157 Ill. 225; Lathrobe v. Winans, 89 Md. 636, 43 Atl. 829; Commercial Bank v. Jackson, 7 S. D. 140.

The effect of an executory contract for the sale of land, in working an equitable conversion, and in clothing the purchaser with an equitable estate in the land, and the vendor with an equitable ownership of the purchase price. As soon as the contract is finally concluded, although it is wholly executory in form, these rights and estates become fixed and vested. It follows, therefore, that the purchaser, being the equitable owner, is entitled to all the benefits and assumes all the risks

of ownership.    Pomeroy Equity, § 1406; Smith v. Phœnix Ins. Co., 91 Cal. 323, 71 Ia. 532; Dunn v. Yakish, 61 Pac. 926; Gilmore v. Gilmore, 57 Pac. 505; Williams & S. S. & D. D. Co. v. Houghton, 48 Atl. 85.

In an executory contract for the sale of land, the equitable title in the property vests in the vendee, and the vendor retains the legal title as security for the deferred payments of the purchase price.  First Nat. Bank v. Edgar, 91 N. W. 405.

CORSON, P. J.    This action was instituted by the plaintiffs to cancel a certain contract entered into by the plaintiffs, Ralph R. Bowdle and Divid W. Burright, parties of the first part, and Frank S. Jencks, party of the second part, and also to cancel a certain deed of conveyance, and the record thereof, of property situated in Charles Mix county, in the state of South Dakota, executed by the plaintiffs Bowdle and Burright to the said Jencks, and also a certain deed from said Jencks to the defendant John W. Broadwell of the same property, and that the title of the plaintiff Amanda M. Bowdle to the said property be quieted as to the defendants, and each of them, and as to all persons claiming under them.  The facts alleged in the complaint may be briefly stated as follows:   On the 24th day of May, 1901, the plaintiffs Bowdle and Burright were the owners in fee and in possession of a tract of land in Charles Mix county containing 720 acres.   That on that day Bowdle and Burright entered into an agreement in writing with the defendant Jencks by which they agreed to convey to the said Jencks the said property for the sum of $10,800, and which property said Jencks agreed to purchase and to pay therefor the said sum as follows:   The said Jencks to deed to the parties of the

first part his hotel property in the town of Ledyard, Iowa, at an agreed valuation of $6,600, to assume a mortgage on the property conveyed by the parties of the first part for $3,500, and to give a mortgage on the said property for $700; the parties of the first part assuming an indebtedness upon the hotel property not to exceed $600. The contract was executed at Ledyard, Iowa, and it was stipulated therein that the exchange of papers was to be made through the State Bank of Ledyard, Ledyard, Iowa. It is further alleged that a deed of conveyance was executed by the plaintiffs Bowdle and Burright of the Charles Mix county property, and deposited with the State Bank of Ledyard, to be delivered to Jencks when he performed the conditions of the contract to be peformed by him, and he had furnished an abstract of title to the hotel and livery barn property, showing the title to the said property to be vested in him free from all incumbrances and liens, save the exceptions noted in said contract, and had delivered the same, together with the deeds of conveyance from said Jencks and wife, to the said Bowdle and Burright, for said hotel property, together with the furniture contained in the hotel; that said defendant Jencks did not at any time prior or since the commencement of this action perform or tender the performance of the conditions of the said contract, in that he did not deliver to said Bowdle and Burright, or the said Bank of Ledyard in their behalf, deeds of conveyance for the said hotel property, including the furniture therein; also in that he did not deliver to the said Bowdle and Burright, or to the said bank in their behalf, an abstract of title, showing the title to the said hotel property in the said Jencks free from all incumbrance, save the sum of $600 assumed by Bowdle and Burright under the

terms of the said contract; and also in that he did not deliver to the said Bowdle and Burright possession of the said hotel property. It was further alleged that on the 9th day of July, 1901, while Bowdle and Burright were in possession of the lands in Charles Mix county, first above mentioned, and while the said Jencks was in possession of the said hotel property, and before the conditions of the said contract to be performed by the said Jencks were performed by him, without any fault on the part of the said Bowdle and Burright, all the improvements on the hotel property were destroyed by fire; that the value of the real property was constituted almost entirely of the said buildings, consisting of the hotel and livery barn; that the lots on which the said buildings were situated, exclusive of the said buildings, were not worth to exceed $400; that, subsequent to the destruction of the said hotel and livery barn by fire as aforesaid, said Bowdle and Burright sold and conveyed the property situated in Charles Mix county, above described, to the plaintiff Amanda M. Bowdle, who is now the owner and in possession of the same; that on or about the 18th day of July, 1901, the said Jencks, without the consent or authority of the said Bowdle and Burright, and without the authority or consent of the said State Bank of Ledyard, wrongfully and without paying any consideration therefor, obtained possession of the said deed of conveyance executed by said Bowdle and Burright to the said Jencks, and caused the same to be recorded in the office of the register of deeds in and for the county of Charles Mix, state of South Dakota; that on or about the 18th day of July, 1901, the said Jencks executed and delivered to the defendant John W. Broadwell a deed of conveyance of the said property, which said deed has been recorded in the office of the

register of deeds in said Charles Mix county. And the plaintiffs pray for a cancellation of the said deeds and the records thereof as above stated. The defendants deny many of the allegations of the complaint, and set up title of the said Broadwell to the property, and ask that his title may be quieted as against the plaintiffs, to which the plaintiffs served and filed a reply. The case was tried by the court without a jury, and, his findings and conclusions of law being in favor of the defendants, the plaintiffs appealed from the judgment entered therein.

It will be observed that pending the contract, and before the exchange of the deeds, the hotel property and livery barn which were to be transferred by the defendant to the plaintiffs in part payment for the property were destroyed by fire without the fault of either party. The question presented, therefore, is, which of the parties shall sustain the loss?

It is contended by the appellants that, as the principal portion of the property constituting the consideration to be paid by Jencks for the Charles Mix county property was destroyed by fire, the contract was at an end, for the reason that at the time the buildings were consumed the conditions entitling the defendant to a conveyance of the property had not been performed, in that he had not placed with the bank a deed in escrow for the property, including the furniture, and had not completed his abstract of title, showing the fee-simple title to be in him, and all liens satisfied, except the lien for $600 assumed by Bowdle and Burright, or delivered the same to the cashier of the bank at the time of the fire, and for the further reason that Jencks was in possession of the property at the time it was destroyed by the fire, and for the further

reason that Jencks could not transfer to Bowdle and Burright the property which it was contemplated by the contract should be transferred at the time the contract was executed. The defendants, on the other hand, contend [1] that by the terms of the contract the Charles Mix county property was sold and conveyed to the defendant Jencks; [2] that Jencks was in possession of the Charles Mix county property by reason of an assignment of a lease made and delivered to him by Bowdle and Burright; [3] that he had possession of the Ledyard hotel property at the time of the fire at the special request of the plaintiffs Bowdle and Burright; [4] that the liens shown to exist against the property on the defendant's abstract had been, prior to the fire, satisfied of record; [5] that under and by virtue of the statutes and decisions of the state of Iowa, where the contract was made, the title to the Charles Mix county property was actually vested in the defendant Jencks, and the title to the hotel property at Ledyard was vested in Bowdle and Burright; and that therefore the loss was the loss of Bowdle and Burright.

It was also contended by the appellants that the court erred in admitting in evidence the laws and decisions of the state of Iowa relating to the ownership of property held under a contract of sale. The respondents insist that the objection to this evidence is not sufficiently specific to entitle the appellants to avail themselves of the objection in this court, the objection being that the evidence was "incompetent and immaterial." The rule contended for by the respondents prevails when the objection sought to be interposed to the question may be remedied at the trial if the objection is specifically pointed out. This court has approved and followed the rule

laid down by the territorial Supreme Court in Caledonia Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426. In Pitts A. W. v. Young, 6 S. D. 557, 62 N. W. 432, this court held, ''Where a general objection is made at the trial to evidence offered that might have been obviated at the time, had a specific objection been made to it, such a general objection will not be considered by this court on appeal.'' In the case at bar the objection went to the merits, and not to any formal defect which might have been obviated, had the objection been specifically pointed out, and hence the objection is sufficient in form.

The theory of the appellants is that the contract, although executed in Iowa, had for its subject-matter, in part, at least, the conveyance of real estate situated in South Dakota, and that as to such property the laws of this state should govern. In Commercial Bank v. Jackson, 7 S. D. 140, 63 N. W. 548, this court held that it is well settled that the law of the sovereignty in which real property is situated governs as to transfers of such property, whether conveyed absolutely or by way of mortgage.

The question now before the court is whether or not the title to the Charles Mix county property passed to the defendant Jencks by the contract, under the evidence in this case, and upon that question this court is at liberty to determine for itself the law applicable thereto. We are of the opinion that the evidence as to the laws and decisions of the state of Iowa relating to this subject should have been excluded by the court, but, in the view this court takes of the case, the error is not material.

It is further contended by appellants that the court erred in admitting the judgment roll in the case of Jencks v. First

National Bank of Ledyard, which was an action brought by Jencks against the bank, in claim and delivery, to recover possession of the deed executed by Bowdle and Burright to Jencks, deposited in the bank. Undoubtedly this was error, as the appellants were not parties to that action, and were not bound by it, and replevin was not the proper form of action to try the question of title. Cobby on Replevin, Sec. 79; Flannigan v. Goggins, 71 Wis. 28, 36 N. W. 846; Davis v. Gambert, 57 Iowa 239, 10 N. W. 658. The general rule, however, seems to be, in cases tried to the court without a jury, that the appellate court will presume that the trial court disregarded all incompetent or immaterial evidence in its decision of the case. The general rule was qualified in this state in the case of Starkweather v. Bell, 12 S. D. 146, 80 N. W. 183, in which this court held: "Where the evidence is conflicting, the admission, over objection, of incompetent testimony which is material, and, if believed, is conclusive of the issue, is prejudicial error, although the case is tried to the court without a jury." In the case at bar the evidence, although inadmissible, was not of such a conclusive character as constituted prejudicial error, and the presumption will be indulged in that the court did disregard the evidence in its final decision of the case.

Exceptions were taken to a number of the findings of the court on the ground that the evidence was insufficient to sustain the same, and the conclusions drawn therefrom. The respondents insist that the specification that the particular findings were not supported by the evidence is insufficient, in that they do not comply with the provisions of the Code requiring a specification of the "particulars in which such evi-

dence is alleged to be insufficient." We are of the opinion that the specifications are sufficient, under the Code, as they point out that the proof is insufficient to sustain the respective findings. It is difficult to see how a party could specify more clearly the particulars in which such evidence is alleged to be insufficient without setting out in full the evidence. By the specification the appellants call the attention of the opposite party to the particular findings, and, by asserting that the evidence is insufficient to support that finding, necessarily call upon the opposite party to have inserted in the bill of exceptions all the evidence introduced at the trial tending to support the same. The reason why the evidence is insufficient is a matter of argument, to be made upon the motion for a new trial or in the appellate court.

The court finds, in its finding No. 3, that on or about the 5th day of June, 1901, said Jencks and wife executed to the plaintiffs Bowdle and Burright a warranty deed and an invoice of the personal property agreed upon under the said contract to be transferred by Jencks to the plaintiffs, and deposited such papers in the State Bank of Ledyard, and furnished to Bowdle and Burright an abstract of title of said Ledyard real estate. It is contended by the appellants that the evidence does not sustain this finding, in that the evidence fails to show that Jencks did furnish a bill of sale of the personal property, or deliver to the appellants a completed abstract of title. We are of the opinion that the appellants are right in their contention. So far as the evidence discloses, we are unable to find that any bill of sale of the personal property was executed by Jencks and delivered to Bowdle and Burright, or to either of them, or deposited with the bank. Burright, assisted by

the son of Mr. Jencks, seems to have made out on or about the 5th day of June a schedule of the personal property; and this, which is admitted to be partly incorrect, was left in the bank with Cashier Rich by Burright. No other schedule seems to have been made out by any one. It was clearly shown by the evidence that there was· no change of possession of the hotel property or livery barn, as Mr. Jencks testifies: "At the time of the fire my family was occupying the hotel property of Ledyard. There had been no change in my occupation ·from the time of making the contract to the time of the fire. My son was occupying the livery barn. There had been no change in the occupation of that from the time of the contract to the time of the fire." There being no bill of sale of the personal property in the hotel and livery barn, and no delivery of possession of the same, or any part thereof, to the appellants, it is clear no title to the personal property passed to them.

The court further finds, by finding No. 4, that upon the execution of .the said papers by Jencks, he was ready and willing to surrender the possession of the said lots, hotel, livery barn, and all the property referred to and described. in said contract, and so informed said Burright. This finding is not correct, as he had not, as we have seen, made any conveyance of the personal property, and had not transferred the possession of the real property, to the appellants Bowdle and Burright, and had not as we shall subsequently see, completed his abstract, and deposited the same with the bank. At the time mentioned, Mr. Jencks had not had the abstract of the Charles Mix county property examined and passed upon. Upon this subject Mr. Jencks says: "Mr. Burright and myself, in considering this abstract of title, made no investigation, ex-

cept the examination of the abstract, and our talk concerning the same.    Mr. Burright did not examine any county records, that I know of.    I had the abstract of the Charles Mix county land examined subsequently to the 8th day of June—took the two abstracts down and had Mr. Cohonour examine them." It would not be a fair inference to draw from this evidence that Mr. Jencks intended to deliver control of the property to the appellants until he had examined the abstract of the South Dakota property, and found it satisfactory.

Appellants further assign as error that the court erred in its findings 5 and 10.    Without stopping to give these findings, it is sufficient to say that the court, in substance, finds that Jencks performed all the conditions on his part to be performed prior to the fire.    In our opinion, these findings are erroneous, for the reason that it clearly appears from the evidence that Jencks did not execute a bill of sale of the personal property and deposit the same with the bank; that he had not brought the abstract down to date, and removed the objections made to it by Burright, in that the taxes were unpaid until July 12, 1901, three days after the fire; and that the possession of neither the real nor personal property had been delivered to the appellants prior to the fire.

These conclusions necessitate a reversal of the judgment and order denying a new trial, but as the question as to whether or not the plaintiffs are entitled to recover under the findings as they now stand is discussed by the respective counsel, and will probably arise upon another trial, we have deemed it proper to express our views on that question at this time.    Assuming the findings to be correct it clearly appears therefrom that Jencks was in possession of the property, both real and

personal, at the time of the fire, and had not deposited a bill of sale of the personal property with the State Bank of Ledyard, and had not completed his abstract by having annexed thereto the certificate of the abstracters, and had not paid the taxes at the time of the fire. It is contended by the respondents in support of the judgment of the court, as before stated, that by the laws and decisions of the state of Iowa the equitable title to the hotel property had passed to the appellants Bowdle and Burright, and that the title to the South Dakota property had passed to Jencks, and that the loss of the hotel and livery barn, and the personal property therein, is the loss of the appellants. The case of Davidson v. Hawkeye Insurance Co., 71 Iowa 532, 32 N. W. 514, 60 Am. Rep. 818, relied on by the respondents, when properly understood, does not sustain their contention. In that case the defendant, who was the vendee, was in possession of the property at the time of the destruction of the building by fire, and the vendor had performed all the conditions on his part to be performed prior to the time of the fire. In the statement of facts in that case the court says: "The building insured was a dwelling house situated upon a small farm in Polk county. * * * Lint [the purchaser] took possession under a contract, and leased the farm to his son, who cultivated it, and occupied the house as a dwelling until it was destroysd by fire." The court, in its opinion, says: "We come, then, to the question as to whether, where one party binds himself unconditionally to pay a certain price for a piece of real estate, and takes possession under the contract, and the other party binds himself to convey the real estate upon the payment being made, and nothing remains to be done but for the party taking possession to make

the payments, and for the other to make the deed, such contract constitutes a sale of the real estate, within the meaning of the policy. In answer to this question, we have to say we think it does.'' A little further on in the opinion of the court it says: ''We can suppose a case where the owner of the insured property makes a contract for the sale of it, but has not made a conveyance of the property, nor a delivery of possession, but has retained control, and while under his control and care the property is destroyed by fire, and the seller cannot complete the contract by making such delivery as the contract contemplates; then the loss of the property would fall upon him, notwithstanding his contract, and for the reason that he is not able to carry it out. It may well be said in such a case that there was no sale, within the meaning of the policy.'' The supposed case is precisely the case before us, and the decision thus interpreted by the court itself is substantially in harmony with the later decisions of the courts upon this subject. There is undoubtedly some conflict in the authorities upon this question, but we think it may be stated generally that they agree upon these propositions: That if the vendee was not in possession, or the vendor has not complied with all the conditions of the contract on his part to be performed, at the time of the destruction of the property, the loss falls upon him and not upon the vendee. Smith v. Phœnix Ins. Co., 91 Cal. 323, 27 Pac. 738, 13 L. R. A. 475, 25 Am. St. Rep. 191; Phœnix Ins. Co. v. Caldwell, 187 Ill. 73, 58 N. E. 314; Wells v. Calnan, 107 Mass. 514, 9 Am. Rep. 65; Phinizy v. Guernsey, 111 Ga. 346, 36 S. E. 796, 50 L. R. A. 680, 78 Am. St. Rep. 207; Gilbert & Ives v. Port, 28 Ohio St. 276; W. S. Powell v. D. S. & G. R. R. R. Co., 12 Or. 488, 8 Pac. 544; Thompson v. Gould, 20 Pick.

134.  This question was very fully considered by the Supreme Court of California in the case of Smith v. Phœnix Ins. Co., supra, on rehearing, in which that learned court reversed its former decision.  It would seem that the court had held in its former decision that Stewart, with whom the lease and contract for the purchase was made, was in possession of the premises under his contract at the time of the destruction of the buildings by fire.  In the later opinion, however, the court corrected its error, and held that Stewart was in possession at the time of the destruction of the property under his lease, and not under the contract, and concludes that, "for the purpose of this decision, it is sufficient to say that no case has been cited, and we have discovered none, in which the vendee has been held bound to pay the purchase price where a valuable part of the property has been destroyed before the day fixed for payment and conveyance, unless he has taken possession under the contract of sale, or has the right to such possession, under the contract, before the occurrence of the loss."  Eliminating from the case the assumed fact in the former opinion that Stewart was in possession of the premises under his contract of purchase, and the case is very analogous to the one at bar.  This question was also under consideration in the recent case of Phœnix Ins. Co. v. Caldwell, supra, in which the Supreme Court of Illinois, after a full consideration and discussion of the authorities, reaches the conclusion that "the execution and delivery of the bond for a deed to the property insured is not a sale of it, within a policy providing that it shall be void if the property is transferred."  And the court, in its opinion, says:  "In this state of the pleadings upon the subject of a sale of the premises, appellant offered in evidence at

the trial a bond for a deed executed February 26, 1896, by appellee and wife, which recited that they had this day sold to Peter Thruan, his heirs and assigns, for $13,500, certain land described [being the premises on which the barn stood]; that $1,200 was to be paid at the ensealing and delivery of that instrument," and notes given for the balance, payable at future dates. The court further says: "Appellee objected to the introduction of the bond in evidence. That objection was sustained, and appellant excepted. The question is whether the giving of such bond or contract, coupled with payment of part of the purchase money, was a sale of the premises, within the meaning of this policy." And that learned court held that it was not, and the decision of the appellate court was adopted as the decision of the Supreme Court. It does not affirmatively appear from the decision in' that case whether or not the vendee had entered into possession. The same view was taken by the Supreme Court of Massachusetts in the cases above cited. The true test in this class of cases as to which party shall bear the loss seems to be this: Who was the owner of the property at the time of its destruction? Gilbert & Ives v. Port, supra. In the case at bar, as we have seen, Bowdle and Burright had no title to the hotel property at the time of its destruction, as the deed to that property had never been delivered to them. They were not in possession of the property, and had paid no part of the consideration for the same, as their deed to the Charles Mix county property had never been delivered. Certainly, under these facts, Bowdle and Burright cannot be regarded as the owners of the hotel property, in any proper sense, at the time it was burned. On the other hand, the title to the property was still vested in Jencks. He was,

as above stated, in possession of both the real and personal property, and had never received any consideration for the property. Clearly, therefore, Jencks remained the owner at the time of its destruction.

It is claimed by the respondents that, though Jencks was in possession at the time of the fire, it was by permission of Bowdle and Burright; but the facts do not sustain the contention of the respondents, as at no time prior to the fire did Bowdle and Burright have a right to the possession of the property. Certainly they were not bound to take possession, and could not have safely done so, until the abstract of Jencks was completed, and all the liens and incumbrances upon the property were shown to have been satisfied of record. As before stated, the abstract was completed by the addition of the certificate of the abstracter, and the balance of the taxes upon the property was paid, several days after the fire. Upon the facts as they now appear from the record, we are clearly of the opinion that the conclusions of law and judgment should have been in favor of the plaintiffs.

The judgment of the circuit court and order denying a new trial are reversed, and a new trial is granted.

HANEY, J., concurs merely in the conclusion that the judgment and order of the circuit court should be reversed, and a new trial ordered.