Birchard, Judge.
This ease turns mainly on the question, whether the plaintiffs had an insurable interest in the premises insured at the time the loss occurred.
From the facts stated in the agreed case, it appears that they had. The legal title was in them, coupled with an equity equal to the full value of the premises, that is, a lien for all the purchase money, and they were in possession. They had entered into a contract to convey at a future day. At law, this contract did not transfer any right in the land; and in *equity, ths purchaser can only enforce a [315-transfer after he shall have laid a proper basis by paying the purchase money.
This being the case there was no alienation of the property which renders the defence, of a want of interest in the thing insured, valid. The plaintiffs have sustained a loss, covered by the policy, and it is-equal to the amount insured.
It is said, however, that inasmuch as the premises insured were pledged for the payment of the premium note, the contract to sell avoided the policy by impairing the lien of the company. We can not admit this. If the lien of the defendants is a legal one, the contract with Wilson certainly does not defeat or impair it; if only unequitable lien, it is equally certain that it is elder, and, therefore, better than the equity of Wilson growing out of the contract.
It is supposed that questions might be raised as between the parties- and Wilson; especially should Wilson pay up the purchase money, and demand a specific performance ; but it will be sufficient to determine them when they come before uS.
Judgment for plaintiffs.