CASE 71—PETITION ORDINARY—SEPTEMBER 30.

# Cottingham v. Fireman's Fund Insurance Company.

APPEAL FROM HENDERSON CIRCUIT COURT.

AN EXECUTORY CONTRACT FOR THE SALE OF INSURED PROPERTY CAUSES A CHANGE IN THE TITLE within the meaning of a policy of insurance which provides that it shall be void if any change takes place in the title or possession, for the reason that the vendee becomes the beneficial owner, and the loss or destruction of the property falls upon him, and not the vendor.

J. L. DORSEY FOR APPELLANT.

1. The contract for the sale of the insured property was void for uncertainty of description. The writing must contain such description of the land as would be enforceable without parol proof. (Fowler

v. Lewis, 3 Mar., 445; Kay v. Curd, 6 B. M., 100; 12 B. M., 604; 7 Ky. Law Rep., 694; Judge v. Cash, 6 Ky. Law Rep., 444.)

2. The provision of the policy that "if the property be sold or transferred, or any change take place in the title or possession of said property, the policy shall be void," means such a change of title as divests the insured of the legal title, and gives the right of possession to some other person than the insured. The language does not cover an executory contract of sale where the vendee does not by the contract become entitled to the possession. (Masters v. Madison County Mutual Ins. Co., 11 Barb., 624; Trumbull v. Portage County Mut. Ins. Co., 12 Ohio, 305; Washington Fire Ins. Co. v. Kelly, 3 Am. Rep., 149; Loy v. Home Ins. Co., 31 Am. Rep., 346; Hammel v. Queen's Ins. Co., 41 Am. Rep., 1; 13 Bush, 463; Wood on Fire Insurance, 2d ed., vol. 1, secs. 349, 331, 353; May on Ins., secs. 264, 272, 273, 275; 3 Fairf. (Me.), 44; 40 Pa. St., 289; Browning v. Home Ins. Co., 71 N. Y.; Pant. Mut. Ins. Co. v. Rowland, 7 Att. Rep., 257; Hill v. Cumb. Mut. Prot. Co., 59 Pa. St., 474; Phœnix Ins. Co. v. Lawrence, 4 Met., 15; Ætna Ins. Co. v. Jackson, 16 B. M., 214; Manhattan Ins. Co. v. Stein, 5 Bush, 656.)

3. Where an executory contract for the sale of real estate shows that the improvements formed the consideration, the destruction of the buildings by fire between the time of the sale and the time fixed for delivering the possession is the loss of the vendor. (Marks v. Tichenor, 85 Ky., 536; Smith v. Cansler, 83 Ky., 368.)

YEAMAN & LOCKETT for appellee.

1. The contract for the sale of the insured property is not void for uncertainty. If a question should be made as to the location of the property, the defect could be supplied by parol.

2. As between the parties the contract would be good as a deed, and, therefore, passed the legal title. (Bartlett v. Borden, 13 Bush, 45; Newsom & Hamilton v. Kurtz & Miller, 9 Ky. Law Rep., 587.)

3. Even if the contract passed only the equitable title there was such a "change in the title" within the meaning of the policy of insurance as renders the policy void. (May on Insurance, secs. 269, 273.)

The destruction of the buildings between the time of the sale and the time fixed for delivery of possession is the loss of the vendee and not of the vendor. (Vance's Adm'r v. Foster & Ray, 9 Bush, 391; Smith v. Cansler, 83 Ky., 368.)

JUDGE BENNETT delivered the opinion of the court.

The appellee's defense to the appellant's action against it to recover the value of the house insured

by the appellee, and which was destroyed by fire, was that the appellant, before the house was destroyed by fire, had sold the same and transferred the possession. The jury having found for the appellee, the appellant has appealed to this court.

The contract of sale relied on by the appellee is as follows :

"This contract witnesseth, that we, C. L. and H. A. King, have this day swapped or exchanged property with Albert Cottingham as follows: We, C. L. and H. A. King, give Cottingham the G. H. Cottingham house and lot for the Albert Cottingham house and lot, formerly owned by James A. Watson, and the lot west of the house   *   *   *   Deeds to be made soon.

"C. L. AND H. A. KING,<br>"A. G. COTTINGHAM.

"FEBRUARY 24, 1887."

The policy provides that "if the property be sold or transferred, or any change take place in the title or possession without written permission in this policy, it shall be void," &c.

The ground upon which a sale of the property insured vacates the insurance is due to the operation of the sale in divesting the owner of the title to the property insured. The rule seems to be general that if the insured, in making the transfer of title, retains an interest in the thing insured, the policy is not vacated by the sale. Pursuant to this rule it has been held by a number of cases and elementary writers that the sale, in order to vacate the policy, must be of the legal title ; that the sale of a mere equity,

the vendor holding the legal title, will not suffice to vacate the insurance.

It is believed that the rationale of this rule is, that the vendor in such case, as owner of the legal title, he having parted with the equity, retains the risk of the property—that is, the risk of the property remains with the legal title, and the loss or destruction of the property falls upon the owner of the legal title; and in that view it is believed that if the owner has sold the equitable, but not the legal title, he has not parted with his insurable interest in the property. But in this State the purchaser of real estate by title bond takes the risk of the property. He is the beneficial owner of it, and its loss or destruction falls upon him, and not the vendor. (Marks v. Tichenor, 85 Ky., 536; Calhoun v. Belden, 3 Bush, 674.)

It is the vendor's parting with the beneficial interest in the property that vacates his contract of insurance, and where a sale of the legal title is necessary to deprive the owner of such interest a sale of the equitable title only will not be sufficient for that purpose. But where, as in this State, the beneficial interest is passed to the vendee of the equitable title, the contract of insurance is vacated by such sale. The vendee in such case assumes all risk of loss or destruction of the property. Such risk is no longer with the vendor. Hence, the insurer's contract of indemnity against the loss, destruction or damage of the insured property is at an end. According to these views, the first instruction given for the appellant was more favorable to him than he was entitled to.

But apart from all this, it is evident that the jury

found that the appellant had surrendered the posses-
sion of the property in violation of his agreement.
The second instruction on that subject required the
jury to believe that the appellant had, before the fire,
surrendered the possession of the property to the
Kings. Of this instruction, limiting the surrender to
the Kings, the appellant has no right to complain.
The third instruction tells what acts would amount to
a surrender of the possession of the property to the
Kings, to wit: That of abandoning the possession of
the insured house and taking possession of the house
exchanged by the Kings, with their knowledge and
consent. This instruction still confines the surrender
of the possession to the Kings; whereas, a surrender
to any one else would have been sufficient. In this
respect the second and third instructions are more
favorable to the appellant than he was entitled to.
The proof is clear that the appellant took possession
of this house under the authority of the contract
with the Kings, and took said possession with the
purpose of making it his permanent home. The jury
had the right to infer all the rest.

The judgment is affirmed.