COLLIN GIBB *et al. vs.* PHILADELPHIA FIRE INS. Co.

Argued Nov. 23, 1894. Reversed Dec. 6, 1894.

No. 9186.

**An agreement to convey an insured house effects a change of interest in it.**

A fire insurance policy provided that it should be void if any change took place in the interest of the insured, whether by voluntary act of the insured or otherwise. *Held,* an executory agreement to convey the insured premises, under which the vendee took possession, and paid a part of the purchase price, is a breach of this condition, and rendered the policy void.

**"Interest" and "title" distinguished.**

The word "interest" is broader than the word "title," and includes both legal and equitable rights.

Appeal by defendant, the Fire Insurance Company of the County of Philadelphia, from a judgment of the District Court of Hennepin County, *Robert D. Russell,* J., entered against it March 30, 1894, for $1,578.31.

The plaintiff, Collin Gibb, owned seven lots in block three (3) in Thornton Park, Minneapolis. The plaintiff, Hattie L. Hilles, held a mortgage thereon given to her by Gibb and wife February 1, 1889, to secure the payment to her six years thereafter of $1,200 and interest annually at eight per cent a year. On February 29, 1892, defendant insured Gibb against loss by fire to the dwelling house and barn on the property for three years thereafter to an amount not exceeding $2,000. The policy provides that loss or damage if any shall be payable to Hattie L. Hilles, mortgagee, as her interest may appear; that her interest shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by foreclosure of the mortgage, or any change in the title or ownership of the property. Whenever the company shall pay the mortgagee any sum for loss or damage and shall claim that as to the mortgagor or owner no liability therefor existed, the company shall to the extent of such payment be thereupon subrogated to all the rights of the party to whom such payment shall be made, and upon

paying the full amount secured by and remaining unpaid on the mortgage shall receive an assignment of it.    This entire policy shall be void if any change other than by death of the insured take place in the interest, title or possession of the property insured (except change of occupants without increase of hazard), whether by legal process, or judgment, or by voluntary act of the insured, or otherwise.

On March 23, 1892, Gibb and wife executed and delivered to Maggie J. Kelly a contract whereby they sold and agreed to convey to her by warranty deed the seven lots and the buildings thereon for $2,500 subject to the mortgage for $1,200 which debt was to be assumed by the purchaser and the amount thereof deducted from the purchase price.    The residue, $1,300, was payable as follows; $300 on that date and the remainder in bimonthly installments of $50 each with seven per cent interest until paid.    The purchaser was to have possession at once and be entitled to the deed when all payments were made.    She took possession and made the payments up to the date of the fire.

. The dwelling house was on February 28, 1893, accidentally destroyed by fire. . The amount of the loss was fixed by appraisal at $1,462.66.    Defendant admitted its liability to the mortgagee, Hattie L. Hilles, but claimed an assignment of the mortgage and denied all further liability.    Collin Gibb and Hattie L. Hilles brought this action on the policy to recover the full amount of the loss. The issues were tried February 16, 1894.    Findings were made for plaintiffs and from the judgment entered thereon, defendant appeals.

*Kitchel, Cohen & Shaw*, for appellant.

On a contract to convey land, the land becomes in equity the property of the purchaser, descendible to his heirs and devisable; the vendor is seized in trust for him, and holds the legal title merely as security for the unpaid purchase money.    *Chemedlin* v. *Prince*, 15 Minn. 331; *Randall* v. *Constans*, 33 Minn. 329; *Niggeler* v. *Maurin*, 34 Minn. 118; *Reynolds* v. *Fleming*, 43 Minn. 513; *Wilson* v. *Fairchild*, 45 Minn. 203; *Berryhill* v. *Potter*, 42 Minn. 279; *Moody* v. *Tschabold*, 52 Minn. 51.

The vendee's interest is subject to levy as real estate, is mortgageable, is conveyable and devisable, and may be brought under the influence of a trust or a power in trust. As real property it is in the language of Lord Eldon in *Paine* v. *Meller,* 6 Ves. 349, his to all intents and purposes. It is vendible as his, chargeable as his, capable of being incumbered as his. It may be devised as his, it may be assets, and it may descend to his heirs. *Brewer* v. *Herbert,* 30 Md. 301; *Siter, James & Co.'s Appeal,* 26 Pa. St. 178; *Marks* v. *Tichenor,* 85 Ky. 536; *Bodley* v. *Ferguson,* 30 Cal. 512; *Cary* v. *Whitney,* 48 Me. 516; *Sinscott* v. *Buck,* 33 Me. 530; *Lysaght* v. *Edwards,* 2 Ch. Div. 499; Pomeroy, Eq. J. § 368.

Hence there was a change in interest in the insured premises by reason of the sale to Kelly and the delivery of possession to her. The words "*title*" and "*interest*" in the policy do not mean the same thing. *Springfield F. & M. Ins. Co.* v. *Allen,* 43 N. Y. 389; *Loy* v. *Home Ins. Co.,* 24 Minn. 315.

The special purpose of the prohibition against a change of interest is to retain undiminished the rights of property thus insured. In the language of Judge Dillon in *Ayers* v. *Hartford Ins. Co.,* 17 Ia. 176, "the object of the insurance company by this clause is that the interest shall not change, so that the assured shall have a greater temptation or motive to burn the property or less interest and watchfulness in guarding and preserving it from destruction by fire."

A vendee in possession under an executory contract is the sole, entire and unconditional owner of the land within the meaning of a provision of a policy avoiding it, if the interest of the assured be other than the entire, unconditional and sole ownership. *Imperial Fire Ins. Co.* v. *Dunham,* 117 Pa. St. 460; *Johannes* v. *Standard Fire Office,* 70 Wis. 196; *Dupreau* v. *Hibernia Ins. Co.,* 76 Mich. 615; *East Texas Fire Ins. Co.* v. *Clarke,* 79 Tex. 23; *Fire Ass'n* v. *Flournoy,* 84 Tex. 632.

The making of an executory contract of sale and delivering possession thereunder work a change in interest. *Germond* v. *Home Ins. Co.,* 2 Hun, 540; *Southern Cotton Oil Co.* v. *Prudential Fire Ass'n,* 78 Hun, 373; *Davidson* v. *Hawkeye Ins. Co.,* 71 Ia. 532; *Cottingham* v. *Fireman's Fund Ins. Co.,* 90 Ky. 439.

*Fred W. Reed,* for respondents.

So long as the whole or any part of the purchase money remained unpaid, Gibb continued to be the legal owner of the property and his interest therein, which was the fee, subject to the equitable rights of Kelly was insurable and protected by this policy. *Minneapolis & St. L. Ry. Co.* v. *Wilson,* 25 Minn. 382; *Welles* v. *Baldwin,* 28 Minn. 408.

Mrs. Kelly's equitable right is subordinate to the title of the vendor. *Smith* v. *Lytle,* 27 Minn. 184. This court used language in *Chemedlin* v. *Prince,* 15 Minn. 331, which it criticized as too broad in *Smith* v. *Glover,* 50 Minn. 58.

As far as defendant is concerned the legal rights control, it cannot invoke the equitable rights between the parties. This is an action at law on a contract where the defense has not a particle of equity but seeks to declare a forfeiture by construction of the words of a condition. But courts do not favor such forfeitures. *Chandler* v. *St. Paul F. & M. Ins. Co.,* 21 Minn. 85; *Symonds* v. *Northwestern Mut. Life Ins. Co.,* 23 Minn. 491; Pomeroy, Eq. J. § 367; *Insurance Company* v. *Updegraff,* 21 Pa. St. 513; *Hill* v. *Cumberland Valley Mut. P. Co.,* 59 Pa. St. 474; *Reed* v. *Lukens,* 44 Pa. St. 200; *Parcell* v. *Grosser,* 109 Pa. St. 617; *Thompson* v. *Gould,* 20 Pick. 134.

In *Wells* v. *Calnan,* 107 Mass. 514, there was an agreement, but possession was not taken nor the purchase money paid. The court said: When property real or personal is destroyed by fire, the loss falls upon the party who is the owner at the time; and if the owner of a house and land agrees to sell and convey it upon the payment of a certain price which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire, so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase money. *Allyn* v. *Allyn,* 154 Mass. 570; *Cottingham* v. *Fireman's Fund Ins. Co.,* 90 Ky. 439; *Clinton* v. *Hope Ins. Co.,* 45 N. Y. 454.

We therefore conclude that the legal relations of vendor and vendee control in this case and that at law the vendor is the absolute owner. That the insurance money as between the company and the vendor belongs to the vendor as the owner of the property.

But as between vendor and vendee the money must be applied on the purchase price.

There was no change in the title by this contract, for Gibb still held the legal title and an insurable interest. *Loy* v. *Home Ins. Co.*, 24 Minn. 315; *Hammel* v. *Queen's Ins. Co.*, 54 Wis. 72; *Bailey* v. *American Cent. Ins. Co.*, 13 Fed. Rep. 250.

Any modification of the interest of the insured is not a change of title if the insured has still an insurable interest, especially if he retains the legal title. *Virginia F. & M. Ins. Co.* v. *Vaughan*, 88 Va. 832; *New Orleans Ins. Co.* v. *Holberg*, 64 Miss. 51; *Ayers* v. *Hartford Ins. Co.*, 17 Ia. 176; *Kitts* v. *Massasoit Ins. Co.*, 56 Barb. 177; *Appleton Iron Co.* v. *British Am. Assur. Co.*, 46 Wis. 23; *Hill* v. *Cumberland Valley Mut. P. Co.*, 59 Pa. St. 478; *Kronk* v. *Birmingham Fire Ins. Co.*, 91 Pa. St. 303.

That the giving of such an executory contract of sale is not a violation of the condition against change of title is determined by an unbroken line of authorities. *Smith* v. *Phœnix Ins. Co.*, 91 Cal. 323; *Kempton* v. *State Ins. Co.*, 62 Ia. 83; *Grable* v. *German Ins. Co.*, 32 Neb. 645; *Washington Ins. Co.* v. *Kelly*, 32 Md. 421; *Home Ins. Co.* v. *Bethel*, 142 Ill. 537; *Masters* v. *Madison Co. Mut. Ins. Co.*, 11 Barb. 624; *Hill* v. *Cumberland Valley M. P. Co.*, 59 Pa. St. 474; *Browning* v. *Home Ins. Co.*, 71 N. Y. 508.

There was no change of the possession in violation of the terms of the policy. *Rumsey* v. *Phœnix Ins. Co.*, 1 Fed. Rep. 398; *Smith* v. *Phœnix Ins. Co.*, 91 Cal. 323; *Hutchinson* v. *Wright*, 25 Beav. 444; *Union Ins. Co.* v. *Barwick*, 36 Neb. 223; *Miller* v. *Oswego & O. Ins. Co.*, 18 Hun, 525; *Driscoll* v. *German-Am. Ins. Co.*, 74 Hun, 153; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Walradt* v. *Phœnix Ins. Co.*, 136 N. Y. 375.

There was no change of "the interest of the subject of insurance" within the meaning of the policy, for Gibb still held his legal title and an insurable interest. Plaintiff's position is that the word "interest" is synonymous with the word "title" and is used to cover those cases where the insured's interest is other than that of a technical title. *Grable* v. *German Ins. Co.*, 32 Neb. 645; *Virginia F. &*

*M. Ins. Co.* v. *Vaughan*, 88 Va. 832; *Burnett* v. *Eufaula Ins. Co.*, 46 Ala. 11; *Walradt* v. *Phœnix Ins. Co.*, 136 N. Y. 375.

CANTY, J.   On February 29, 1892, the plaintiff Gibb was the owner in fee simple of the premises in question, subject to a mortgage of $1,200, held by the plaintiff Hilles.   On that day defendant issued a policy of insurance insuring Gibb to the amount of $2,000, for three years from and after that day, against loss by fire to the buildings on the premises, loss, if any, payable to Hilles as her interest may appear; but providing that if, in case of loss, the insurer is not liable to the mortgagor or owner, it shall be subrogated to the rights of the mortgagee under her mortgage, and, upon paying the full amount due on the mortgage, shall receive an assignment of it.   This mortgage clause also provided that the policy should not be invalidated as to the mortgagee by any act of the owner, or by any change in the title or ownership of the premises.

On February 28, 1893, there was a loss by fire amounting to $1,462.62.   The plaintiffs brought this action to recover this loss. The case was tried by the court without a jury, and judgment was ordered in favor of Hilles for $1,200, the amount of her mortgage, and in favor of Gibb for the balance of said amount of the loss. From the judgment entered thereon, defendant appeals.

The appellant concedes that the plaintiff Hilles is entitled to recover, but contends that a breach occurred, prior to the fire, which avoided the policy as to Gibb; that he is not entitled to recover; and that defendant is entitled, on payment to Hilles of the amount of her mortgage, to be subrogated to her rights under the mortgage. The policy contains the following provisions:   "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if any change other than by the death of an insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

It is found by the court:   That on March 23, 1892, plaintiff made a contract in writing with one Maggie J. Kelly whereby he sold and agreed to convey to her the premises, consisting of five lots, by deed

of warranty, on prompt and full performance by her of the agreement, and she agreed to pay therefor the sum of $2,500,—$300 cash, and $1,000 in installments of $50 every sixty days thereafter until paid, the balance to be paid by her in assuming said mortgage,— she to have possession of the premises until default in payment; and in case of such default she agreed to surrender possession on demand, and that the agreement should be void at the option of the vendor. That at and from the time of making the policy of insurance, until the time of making the contract of sale, the buildings had been unoccupied, and that, on the making of said contract of sale, said Kelly entered into the possession of the buildings and premises, and occupied the same until the time of the fire, and made all her payments during that time, and was not in default in any manner upon said contract.

It is contended by appellant that, by the transactions with Kelly, there took place a change in the interest, title, and possession of Gibb, and the condition against any such change was broken, and the policy avoided as to him. It seems to us that there was a breach in the condition against any change of interest. It is not claimed by respondents that there was any waiver of this condition, and the authorities cited by counsel are nearly all cases where the breach claimed was not of a condition against a change of interest, but a change of title. It is held by the great weight of authority that, where the condition is against any change in the title, there is no breach unless there is a change in the legal title,—that, as long as the insured retains the legal title and an insurable interest in the premises, the policy is not avoided by a transfer of the equitable title or of equitable interests; but we cannot apply this doctrine to a condition against any change of interest. The terms are not synonymous, as contended by counsel. The word "interest" is broader than the word "title," and includes both legal and equitable rights. It is not necessary to consider the question of the change of possession, except so far as it has an influence on the change of interest by strengthening and fortifying the interest acquired by Kelly. This disposes of the case.

The plaintiff Hilles is entitled to judgment for the sum awarded her, but upon payment of the same the defendant is entitled to be subrogated to her rights under her mortgage, and the defendant is

entitled to judgment against the plaintiff Gibb that he take nothing by this action. The judgment appealed from should be reversed, with directions to enter judgment in conformity with this opinion. So ordered.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 137.)