### BRIGHTON BEACH RACING ASS'N v. HOME INS. CO.

(Supreme Court, Special Term, Kings County. May, 1905.)

INSURANCE—AVOIDANCE OF POLICY—CHANGE OF TITLE.

A contract for the conveyance of land at the expiration of a year, at which time the balance of the price was to be paid, but giving the purchaser the possession during the contract period, with the right to build, and requiring him to pay taxes and assessments and the interest on a mortgage on the property, constituted the purchaser the equitable owner in fee of the premises, and worked a change in title, within the meaning of a clause of an insurance policy avoiding the same in case of a change in the interest, title, or possession of the premises, notwithstanding a further provision of the contract that the purchaser should occupy as tenant of the vendor, without rent.

Action on a fire insurance policy by the Brighton Beach Racing Association against the Home Insurance Company. Judgment for defendant.

The fire occurred February 9th, 1904. Previously, viz., on July 16th, 1903, the insured had entered into a contract of sale of the land on which the building was, and $15,000 was paid on account of the purchase price. There was a mortgage of $44,463.60 on the property which title was to be taken subject to. By the terms of the contract the deed was to be delivered in one year, viz., on July 16th, 1904, and the balance of the purchase price paid. The contract provided, however, that the purchaser might meanwhile go into possession of the land, at any time after January 1st, 1904, and build on it, as follows:

"It is hereby stipulated and agreed between the parties hereto, that the party of the second part shall have the right to erect and occupy a building or buildings upon the real property, herein contracted to be conveyed, at any time prior to the passing of the title hereunder, after January 1, 1904, and the buildings so erected on the said real property shall belong to the party of the second part and shall not be, or be deemed to be, annexed to the freehold, and such buildings may be removed by either party hereto, in case of a breach in the conditions of this contract; and the party of the second part shall have the right to occupy any part of the real property hereunder and before passing title, as tenant of the party of the first part, without any pay or rent thereof, and possession of the said real property shall be so given to the party of the second part on the expiration of the existing tenancy on January 1, 1904."

It also provided that the purchaser should pay the taxes and assessments levied after the delivery of the contract, and the interest accruing on the said mortgage on the land.

The purchaser assigned the contract to the plaintiff, and it was given possession about January 1st, 1904, in accordance with the contract's terms, and afterwards continued in possession and took the deed on the contract day.

The defendant had no notice or knowledge of the contract of sale or change of possession.

C. H. Hyde, for plaintiff.
Richards & Heald, for defendant.

GAYNOR, J. The policy contains a clause that it should be void "if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise."

It is plain that there was a change in interest. There was in fact a change of title. The possession given under the contract of sale made the purchaser the equitable owner in fee. Pelton v. Westchester Fire Ins. Co., 77 N. Y. 605; Ætna Fire Ins. Co. v. Tyler, 16 Wend. 385, 30 Am. Dec. 90; Hay v. Miller, 6 Hun, 320; Wood v. Insurance Co., 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733. It would be useless to cite extracts from the insurance text-books or from decisions. They may be better read there than here.

The purchaser was given possession of the land during the contract period, with a right to build thereon, and was to pay taxes and assessments, and the interest on the mortgage which he was purchasing subject to, during such period. Although the contract said he was to occupy "as tenant of the party of the first part, without any pay or rent thereof," it is manifest that the contract gave him more than the interest and rights of a tenant. He could not be put out as a tenant regardless of his rights under the contract as purchaser. On the contrary, he had and could enforce the interest and rights of a purchaser in possession, though called a tenant. Names cannot do away with the nature and substance of things.

Judgment for the defendant.