RAPHAEL GRUNAUER ET AL., PLAINTIFFS IN ERROR, *v.* WESTCHESTER FIRE INSURANCE COMPANY, DEFENDANT IN ERROR.

Argued March 27th, 1905—Decided June 19th, 1905.

1. A fire insurance policy contained a condition that "if any change; other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise, * * * the entire policy shall be void." In a suit upon such policy, to recover for a loss by fire, it appeared that the plaintiffs, who were the sole owners of the insured dwelling-house and premises, had, after the issuance of the policy, executed a written agreement to sell and convey the property in fee to their tenant, who was in possession, upon the payment of the stipulated price (a portion of which was then paid), and it was *held*, that such acts caused a change in interest, title and possession of the subject of insurance sufficient to avoid the policy.

2. By force of such contract and transfer of possession, a complete transition of the equitable and beneficial ownership from the vendors to the vendee was effected, subject only to the claim of the vendors for purchase-money; although the vendors thereafter still retained the legal title to the land, they held it as trustees for the vendee, who became the owner in equity.

On error to the Supreme Court.

Action by Grunauer and wife against the Westchester Fire Insurance Company. Judgment for defendant, and plaintiffs bring error.

For the plaintiffs in error, *Louis H. Grunauer* and *Michael Dunn.*

For the defendant in error, *James G. Blauvelt.*

The opinion of the court was delivered by

VREDENBURGH, J. The fire insurance policy, the subject of this suit, was executed August 21st, 1902, between one Garretson and the defendant, and contains the following standard policy insurance conditions, authorized by statutory forms (*Gen. Stat., p.* 1766; *Pamph. L.* 1902, *p.* 437, § 77), viz., that "if the interest of the insured be other than unconditional and sole ownership, * * * or if any change, other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by involuntary act of the insured or otherwise, * * * the entire policy * * * shall be void." At the execution of the policy one Garretson was the owner in fee-simple of the insured premises, consisting of a dwelling-house and the lands upon which it stood, but at the issuance of the policy a mortgagee clause was attached by which any loss thereunder was payable to one Manson, a mortgagee; and in February, 1903, when the property was conveyed by Garretson to plaintiffs, they as-

sumed payment of the mortgage as part of the consideration, and claimed also to stand in such prior right, as well as subsequent owners, by the endorsed consent of the company upon the policy. On July 1st, 1903, one Mrs. Speck, having about a month previously rented and entered into the occupation of the premises as a tenant paying monthly rent, made with the plaintiffs a written agreement to purchase the insured premises, the material provisions of which were that the plaintiffs agreed (to quote) "to sell and convey to her, her heirs and assigns, all the land and dwelling-house thereon erected for the sum of three thousand five hundred dollars," which sum she agreed to pay to the plaintiffs, "their heirs and assigns," and in the amounts and manner following: "One thousand dollars to be paid on the delivery of this agreement, * * * and the balance, or two thousand five hundred dollars, to be paid in monthly installments of ten dollars a month, on the first day of each and every month hereafter, beginning with the month of August next, 1903, until the sum of three thousand five hundred dollars is fully paid and satisfied, together with interest on the unpaid balances at the rate of six per cent. per annum, payable semi-annually, until the whole amount is paid up," and "on receiving such payments, and being fully paid and satisfied at the time and manner above mentioned," the plaintiffs should "execute, acknowledge and deliver * * * to her, or her heirs and assigns, a proper deed for the conveying and assuring to her or them the fee-simple of the said premises free and clear of all encumbrances."

On July 1st, 1903, Mrs. Speck paid to plaintiffs, upon account of the consideration mentioned in the contract, the specified $1,000, and thereafter, on the first days of each month following, before the loss, paid not only the agreed $10, but also $30 per month additional, making for the four months $160. During this period she made in the house certain permanent improvements, adding three rooms in the attic, a china closet in the kitchen and various other additions, at a cost of about $250, and obtained a policy of insurance upon her insurable interests in the premises, in her

own name, of $2,000, and upon which she, after the loss, collected the sum of $1,160 as representing her portion of the loss. On November 19th, 1903, the house was consumed by fire, while Mrs. Speck was still in possession. At the close of the evidence in the suit upon the policy first named the learned trial justice, upon defendant's motion, directed a verdict for the defendant. The plaintiffs in error now urge that judgment should have gone in their favor, claiming— *first,* that the condition respecting ownership is only applicable to the subject of insurance at the time the policy is issued or endorsed, and not at the time of the loss; and *secondly,* that notwithstanding their execution of the agreement to convey, and putting the purchaser in possession of the insured premises, there had been no change of interest, title or possession within the meaning of the condition last above set forth.

Passing to the consideration of the latter condition, we think that the judgment below holding that it was violated by reason of the change of interest, title and possession of the assured in the premises, as shown by the recited facts, can readily be vindicated. It is not open to question that under the admitted facts a change at least in the possession and right of possession of the insured in the premises had taken place. The period of interest in the insured embraced in the condition is incontestably from the beginning to the expiration of the policy. That such conditions are reasonable and valid even though they tend to create forfeiture of the policy cannot be denied. 1 *May Ins.,* ¶ 287*a*. The effect of the recited acts of the insured upon the condition in question has not as yet, it seems, received judicial consideration in this state, but the references below will assist in determining the nature and extent of the change of interest effected by the contract to convey. Undoubtedly such a contract creates the relation of trustee and *cestui que trust* between vendor and vendee. It produces in equity a complete transition of the vendor's holdings from real to personal, and gives the vendee the equitable ownership. After such contract the vendor's interest is no longer real estate, and the unpaid

purchase-money is personalty, and goes to the vendor's personal representative in case of his death. Thereafter the assured could have but a diminished incentive in the preservation of the property from injury, and such result was the very object intended by the insurer to be guarded against by the inserted condition. Although the vendor still retains the legal title to the land agreed to be sold and conveyed, he thereafter holds it only as a trustee for the vendee, who becomes the equitable and beneficial owner. In *Martin* v. *State Insurance Co.,* 15 *Vroom* 485, it was held in our Supreme Court that where the whole *beneficial* interest and the possession were in the assured, although the naked legal title of the property insured was in a third party, that the former had the entire, unconditional and sole ownership of the property. It was there said by Mr. Justice Dixon, writing the opinion of the court, that the "mere fact that W. held the naked legal title did not destroy the plaintiff's ownership, * * * and as his ownership was of the fee-simple *in equity,* and was not held jointly or in common with another, it was entire and sole." The respective situations of the parties there were the reverse of those here, but the principle established is clearly adverse to the contention of the plaintiffs in error.

The reasoning thus adopted in our Supreme Court was in entire accord with the principle previously declared in this court in *Franklin Fire Insurance Co.* v. *Martin,* 11 *Vroom* 568, where the proof was that the plaintiff (the insured) had contracted to purchase the insured property of another, and had paid all the purchase-money except $2,000 and had gone into possession and expended money in improvements. The late Chief Justice Depue there said that "a person in possession under an agreement for a conveyance has a substantial and an insurable interest. If the property is destroyed, it will be his loss, in contemplation of law. If he had paid the purchase-money the property is his property in fact, and its destruction by fire would be his loss as much as if the formal legal title was in him." In the recent case of *Ordway* v. *Chace,* 12 *Dick. Ch. Rep.* 478, the question of the effect of the clause first above set forth arose in Chancery in a

foreclosure suit. The policy was issued to one Chace, as owner, but his interest was shown only to be that he had given his bond for a debt, secured by a mortgage of the premises, and was the holder of a subsequent mortgage made to him by one Enger, to whom he (Chace) at that date conveyed the premises, which were afterwards conveyed to one Henderson, who was the owner in fee at the time of the loss. The court held that the insurance company was not liable on the policy because the assured was not the unconditional and sole owner of the property insured. The learned Vice Chancellor, in his opinion, referred to that class of cases, like the present, in which recovery is denied to the assured, where it appears that the equitable title to the insured premises was vested in a third person, "so that the loss would fall directly upon him, as where he is in possession under a contract of purchase and has paid the whole or a *part* of the purchase-money and is personally liable for the remainder." Under such a contract and surrender of possession the vendee becomes the beneficial owner, and loss or destruction of the property falls upon him and not upon the vendor, and many cases decided in other jurisdictions directly hold such contract (either with or without transfer of possession) to be a breach of the condition in question. In *Skinner* v. *Houghton, 92 Md.* 68, it was held that "the effect of the contract of sale was to vest the beneficial ownership of the property in the vendee, and that consequently the policies were avoided as to the defendants, who denied all liability because of a *change of interest* of the assured without the consent of the insurers." So it was held in *Cotlingham* v. *Fireman's Insurance Co., 90 Ky.* 439, that "an executory contract for the sale of insured property causes a change of the title within the meaning of a policy of insurance which provides that it shall be void if any change takes place in the title or possession, for the reason that the vendee becomes the beneficial owner, and the loss or destruction of the property falls upon him and not the vendor." In the appendix to 1 *May Ins.* (4th ed.) 577, 578, is a collection of many citations of decided cases in various states and jurisdictions holding to the

same effect as the preceding. As I do not find any sustaining a contrary rule with respect to the conditions in question, I think it unnecessary to lengthen this opinion by further reference to authority.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Dixon, Garrison, Fort, Garretson, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray. 12.

*For reversal*—None.