## George Budleman, Appellee, v. American Insurance Company, Appellant.

### Gen. No. 25,019.

1. INSURANCE, § 72*—*what constitutes change in interest in property.* The execution of a contract of sale of insured premises whereunder the owner is to convey such premises when the other party shall make a certain number of payments provided for in the contract does not constitute a "change * * * in the interest" in the property within the meaning of a provision in the policy rendering it void in the case of change in the interest even though by such contract the owner has parted with an equitable interest, but the word "interest" as used in the provision is to be construed as meaning the same as title.

2. INSURANCE, § 120*—*how contract is construed.* A policy of insurance is construed in favor of the insured, as against the insurer.

3. INSURANCE, § 254*—*when provision of policy as to change in ownership is violated.* Where an executory contract of sale of insured premises has been made and possession delivered to the purchaser without the consent or knowledge of the insurer, a provision in the policy that it shall be void if any change takes place in the possession of the property is violated. ·

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and judgment entered here. Opinion filed June 2, 1920. Rehearing denied June 17, 1920.

SEYMOUR EDGERTON, for appellant.

M. M. JACOBS, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On September 27, 1917, the plaintiff brought suit against the defendant upon·a policy of fire insurance and on November 23, 1918, recovered judgment—the

cause being tried without a jury—in the sum of $688.02. This appeal is taken therefrom.

The evidence offered at the trial is contained in an agreed statement of facts and there is therefore no conflict in the evidence.

As stated by counsel for the defendant, the questions in issue are questions of law, and were presented to the trial court in two propositions of law which were there offered on behalf of the defendant, both of which that court refused. If either of the two propositions is decided in favor of the defendant it will necessitate a reversal of the judgment.

The two propositions of law which were presented to and refused by the trial court are as follows:

(1) "The court holds as a proposition of law that the policy of insurance sued on became null and void prior to the happening of the fire, by reason of a change of possession of the subject of insurance."

(2) "The court holds as a proposition of law that the policy of insurance sued on became null and void prior to the fire, by reason of a change in the interest of George Budleman, the assured, in and to the subject of insurance."

The facts agreed upon and which are pertinent to the issue here are substantially as follows: That on March 3, 1914, the plaintiff owned the premises in question, No. 3919 Nottingham Ave., Chicago, and on that date insured them against loss or damage by fire, in an amount not exceeding $1,700, in the defendant company; that on January 30, 1915, the plaintiff and his wife made a written contract with one Lyuba and Kotitz and Volinka Kotitz, his wife, which agreement provided that if the Kotitzes shall make payments provided for in the contract the plaintiff and his wife shall convey the property in fee simple and by warranty deed to them; that the premises are subject to two trust deeds securing sums of $1,200 and $500, respectively, and which are to be assumed by the pur-

chaser when the deed is delivered; that the Kotitzes shall pay in all $2,400, $100 down and $2,300 in monthly payments of $10 or more each month until $1,000 has been paid on the principal necessary to get the warranty deed, and pay interest at the rate of 6 per cent on the amount from time to time unpaid, and to pay all taxes and assessments levied after the year 1914; that if the Kotitzes fail in performance, the contract, at the option of the plaintiff and his wife, shall be forfeited and the Kotitzes shall then forfeit all payments made by them and the plaintiff and his wife shall have the right to re-enter and take possession; that there was indorsed on the back of the contract nineteen payments made between March 1, 1915, and October 30, 1915, and after the execution and delivery of the contract the plaintiff delivered the premises, in said contract described, to the Kotitzes and they entered into and upon the same, "and from said date up to October 30, 1916, the time of the fire which damaged the dwelling house on said premises lived in said dwelling house"; that on October 30, 1916, the dwelling house on the premises, then covered with a policy of insurance, was damaged by fire; that the defendant had no knowledge of the contract nor that the Kotitzes had entered into and upon the premises and were living in the house, until after the happening of the fire, and never consented thereto in writing indorsed on said policy or otherwise; that on June 24, 1916, the Kotitzes insured the premises in the Aetna Insurance Company for $1,500, which insurance was in full force at the time of the fire.

The agreed statement of facts further sets forth that the loss payable by the defendant, if the plaintiff is right in his contention, is the sum of $632.57.

The provision of the policy which it is necessary to interpret and apply to the facts is as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be

void * * * if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise.''

The question, therefore, arises, did the contract of sale made by the plaintiff and his wife January 30, 1915, with Kotitz and his wife—which provided that if the Kotitzes should make the payments provided for then the plaintiff and his wife would convey the property in fee simple to them—constitute a change ''in the interest * * * of the subject of insurance,'' etc. Of course, when the contract just referred to was made it was an executory contract made up of mutual promises, the Kotitzes having promised to make certain payments in the future and the plaintiff and his wife having promised that when those payments were made they would convey the property by deed. At the time of the loss the contract was in part executed because the Kotitzes had made a number of payments pursuant to its terms, nevertheless, although then in part executed as far as the Kotitzes were concerned, it still remained an executory contract and not even in equity could it be considered that the equitable title was in the Kotitzes. Practically considered, however, although the contract was executory and the payments had not all been made, it must be admitted that the Kotitzes did have equitably an interest in the property and to that extent the interest of the plaintiff and his wife in the property would be lessened, and, therefore, changed. The courts, however, have been inclined to hold that, although the vendor may have parted with an equitable interest, still, as he retains the legal title and the risk of the property remains with that title and the contract was personal with him, the loss or destruction of the property falling upon the owner of the legal title, the meaning of

the word "interest" as in the provision here under consideration means the same as title. *National Fire Ins. Co. v. Three States Lumber Co.,* 217 Ill. 115; *Phenix Ins. Co. v. Caldwell,* 187 Ill. 73; *McRae v. McRae,* 78 Md. 270; *Cottingham v. Fireman's Fund Ins. Co.,* 90 Ky. 439; *Trumbull v. Portage County Mut. Ins. Co.,* 12 Ohio St. 305; *Browning v. Home Ins. Co.,* 71 N. Y. 508. Not a dissimilar situation was presented to the court in *National Fire Ins. Co. v. Three States Lumber Co., supra,* and there it is stated that the vendor in an executory contract of sale is still "sole and unconditional owner."

An examination of the paragraph in question in the instant case shows that the words therein are not scientifically put together. If "any change * * * take place in the interest * *. * of the subject of insurance," means what? Of course, the context must be considered. But, even then, we are left with an ambiguity, and, in making a construction under such circumstances, we must, under the law, be less strict upon the insured than the insurer.

Of course, if it were a matter of new impression we might quite plausibly hold that the execution of the contract of sale created a change in interest, but, as it is, the law of Illinois seems to be settled definitely to the contrary.

There remains, then, the question, was the obligation on the insured, not to permit any change to take place in the possession of the property insured, violated? The words are, "This entire policy * * * shall be void * * * if any change * * * take place in the * * * possession of the subject of insurance (except change of occupants, without increase of hazard), * * * by voluntary act of the insured, or otherwise." What do the words "except change of occupants, without increase of hazard" import?

In Richards on Insurance (3rd Ed.) 349, referring to

the so-called "Alienation Clause," there is the following:

"But where the executory vendee has deviated from the usual practice and has, in addition to his executory contract and pending its fulfilment, taken actual possession and control of the property, by the better authority the policy is held avoided, despite the phrase in the policy allowing a mere change of occupants without increase of hazard."

Many cases, in other jurisdictions than ours, support that statement of the law. *Brighton Beach Racing Ass'n v. Home Ins. Co.*, 99 N. Y. Supp. 219. In the latter case the court said, having before it for consideration the identical provision here relied upon: "It follows that the right to enforce the policy of insurance terminated with the execution of the contract and the surrender of possession of the insured building, without the knowledge or consent of the respondent, and the judgment must be affirmed, with costs." *Grunauer v. Westchester Fire Ins. Co.*, 72 N. J. Law 289. In *Finkbohner v. Glens Falls Ins. Co.*, 6 Cal. App. 379, where the court considers the same clause as the one involved in the instant case, there occurs the following language:

"No case has been cited by respondent where the vendee entered into possession under such a contract of sale and a fire occurred under similar circumstances as we have here in which it has been held that the policy was not forfeited.

\*       \*       \*       \*       \*       \*       \*

"It is of no importance that the learned trial judge found that there was no increase of the risk from the change of possession. It is obvious that such a finding is material only where possession is held by a tenant of the insured. Assuming as a matter of fact that Martin is just as careful and conscientious as Finkbohner and that the danger of fire was actually not increased in consequence of Martin's possession of the property, yet the law applies a general standard to

all similar cases and constrains us to hold that the insured, having lost his pecuniary interest in the protection of the property, the risk was thereby increased, and under the express terms of the policy the insurer is relieved of liability. To hold otherwise would be for us to declare that the parties are not to be bound by the terms of their agreement.''

*Brickell v. Atlas Assurance Co.,* 10 Cal. App. 17. In the latter case the court stated that as the contract was a personal one it must be assumed that the personal character of the party whose property had been insured was an important factor in moving the insurance company to assume the risk and that it had the right, as it was its duty to other policyholders, to satisfy itself against assuming an improvident hazard. Thus, it appears, that it has been generally held that, where an executory contract of sale has been made and possession delivered to the vendee without the consent or knowledge of the insurance company, the provision in the insurance contract that it should be void if any change took place in the possession of the property, has been violated.

It seems to be a case of new impression in this State. In *Phenix Ins. Co. v. Caldwell,* 187 Ill. 73, the court merely held that as the change of possession was not pleaded as a defense, although some evidence was introduced on that subject, the insurance company was not entitled ''to the benefit of that proof as a defense, nor to have the jury instructed upon the effect' of the change of possession under the provision of the policy in suit.'' In that case the so-called ''Alienation Clause'' did not contain the words ''except change of occupants, without increase of hazard.''

The theory of the cases in which it has been held that the policy was forfeited seems to be that, as the insured, after having made the executory contract, allowed the vendee to occupy the premises, he has lost, to some extent at least, his pecuniary interest in

the protection of the property, and the risk of the insurer has been to that extent increased. To the extent that the pecuniary interest of the insured has decreased, to that extent has his pecuniary interest in the preservation of the property decreased, and as his pecuniary interest in the preservation of the property has decreased the hazard of the insurer has increased. That reasoning, we think, is persuasive, and so we feel constrained to hold that the provisions of the policy were violated and the policy thereby rendered void. The judgment of the trial court, therefore, is reversed and judgment entered here for the defendant.

*Reversed and judgment entered here.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.